IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL HARRISON MICHELL §
§
VS. § ACTION NO. 4:10-CV-339-Y
§
MICHAEL J. ASTRUE, §
Commissioner of Social Security §

## OPINION ON APPEAL

Plaintiff Michael Harrison Michell filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability-insurance benefits under Title II and supplemental-security-income ("SSI") benefits under Title XVI of the Social Security Act ("SSA"). 42 U.S.C.A. §§ 405(g), 1383(c)(3) (2010). On October 30, 2006, Michell filed applications for Title II and XVI benefits alleging that he became disabled on May 12, 2006. After his application was denied initially and upon reconsideration, he requested a hearing before an administrative law judge ("ALJ"), which was held on August 11, 2008. The ALJ issued an unfavorable decision on November 19, 2008. As a result, Michell sought review by the appeals council. The appeals council denied review, thus leaving the ALJ's decision as the final decision of the Commissioner. Michell now seeks this Court's review of that decision.

## I. Standard of Review

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions

govern disability-insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). In determining whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. *See* 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(C), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1100-01 (5th Cir. 1985). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the listing of impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.

*Id.* §§ 404.1520(e), 416.920(e). And "[f]ifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience." *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999); *see* 20 C.F.R. §§ 404.1520(f), 416.920(f). "At steps one through four, the burden of proof rests upon the claimant to show that he is disabled." *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). It is more than a mere scintilla, but less than a preponderance. *Id.* "A finding that substantial evidence is lacking is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for that of the Commissioner, but instead will carefully scrutinize the record to determine if substantial evidence is present. *See id.; Hollis*,

837 F.2d at 1383.

## II. Issues

1. Whether Michell's case must be remanded for consideration of allegedly new and material evidence.

2. Whether the Commissioner's decision is based upon an improper legal standard because the appeals council allegedly refused to consider the new evidence.

## III. Discussion

In his decision, the ALJ analyzed Michell's claim pursuant to the five-step evaluation process. At step one, the ALJ determined that Michell had not engaged in substantial gainful activity since May 12, 2006, the alleged onset date. (R. 18.) At step two, the ALJ found that Michell had the following "severe" impairments: lumbar spine degenerative disc disease status post laminectomy, and obesity. (*Id.*) At step three, the ALJ determined Michell did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20.) At step four, the ALJ determined that Michell was unable to perform any of his past relevant work, including as a shipping and receiving clerk, delivery driver, limo driver, and loss-prevention worker. (R. 22, 142.) Nevertheless, at step five, the ALJ concluded, based upon testimony at the hearing provided by a vocational expert, that Michell could perform other work in the national economy, such as a toll-booth collector, parking-lot attendant, or gate attendant. (R. 23.) The ALJ concluded that Michell's subjective complaints of pain simply were inconsistent with

the record as a whole. (R. 21) Thus, the ALJ concluded that Michell was not disabled at any time through November 19, 2008, the date of his decision. (R. 23)

Michell requested review by the appeals council, which denied the request. In support of review, Michell submitted various medical records from March through May 2009. (R. 2.) The appeals council noted that the ALJ decided Michell's case through November 18, 2008, and thus concluded that the new evidence "is about a later time [and] does not affect the decision about whether [Michell was] disabled beginning on or before November 18, 2008." (R. 2.) Michell now complains that the appeals council refused to consider "a May 2009 operative report showing scar tissue in his lumbar spine at the site of his July 2007 surgery." (Pl.'s Br. 1.)

Social-security regulations allow claimants to submit new and material evidence to the appeals council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331 (N.D. Tex. 2003) (Solis, J.) The appeals council is then required to evaluate the entire record, including the new and material evidence submitted by the claimant, but only if the new evidence "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b); 404.976(b); *see also Leggett*, 67 F.3d at 567 (noting that new evidence must "pertain to the contested time period and not merely concern a subsequently acquired disability or the deterioration of a condition that was not previously disabling"). Nevertheless, "[e]vidence submitted for the first time to the Appeals

Council is considered part of the record upon which the Commissioner's final decision is based." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (Ramirez, M.J.) (citing *Higginbotham v. Barnhart,* 405 F.3d 332, 337 (5th Cir. 2005). Thus, "[a] court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Id.* (citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006).

Michell contends that the appeals council erred in concluding that the May 2009 operative report concerned a later time period and thus did not affect the ALJ's decision that he was disabled. The Court disagrees. The report was from an operation conducted on Michell as a result of an "L4-5 herniated disc" on May 28, 2009, over six months after the ALJ issued his decision. (Michell's App. 1.) Michell contends that it reflects significant scarring at the site of his previous surgery ("L5-S1"), (*Id.* 4.), but there is no objective medical evidence indicating that such scarring either occurred or resulted in disabling pain prior to the date of the ALJ's decision six months before Michell's second back surgery. *See McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (noting that there is "no indication that the [new evidence] reflected plaintiff's condition as of the *hearing date* or at the time of the ALJ's decision"). Indeed, as noted in the Commissioner's brief, the

doctor's notes from this second operation indicate that Michell's pain started in November 2008--the same month that the ALJ issued his decision that Michell was not disabled. (Michell's App. at 1.)

More importantly, this allegedly new evidence does not refute the main reasons why the ALJ found Michell's complaints about disabling pain inconsistent with the record as a whole. Michell denied using any assistive devices to aid in ambulation since his surgery. (R. 20, 37-38.) And his pain symptoms apparently had "never been as severe as to preclude him from acting effectively as primary caregiver to his children." (R. 21, 33.) Nor had they prevented Michell from pursuing a college degree. (R. 21 (noting that Michell's "ability to successfully undertake college level academic coursework also indicates that his pain has been substantially ameliorated with treatment and that it does not interfere with his ability to maintain concentration, persistence, and pace or comprehend even complex matters"), 32, 34) Michell also testified that he "does the laundry, prepares the meals, shops for groceries, [and] takes care of his personal grooming." (R. 21; 40-42.) "It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett*, 67 F.3d 558, 565 n.12. Thus, after review of the record as a whole, the Court cannot conclude that Michell's new evidence dilutes the record to the point that the ALJ's ultimate finding is insufficiently supported. Thus, the Court concludes that substantial evidence supports the Commissioner's decision that Michell was not disabled prior to November 19, 2008.

## IV. Conclusion

For the foregoing reasons, the Court concludes that the decision of the Commissioner should be and hereby is AFFIRMED.

SIGNED April 29, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE